Michael Edmund Burke
Attorney at Law
CSB #98925
105 West F Street, 4th Floor
San Diego, CA 92101
Telephone:(619) 234-2503

Attorneys for Defendant, JOSE ROSARIO URQUIZA-CABRERA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE DANA M. SABRAW)

| UNITED STATES OF AMERICA, | ) | Case No.: 08-CR-0548-DSM |
|---|---|---|
| Plaintiff, | ) | Date: 4/18/2008 |
| v. | ) | Time: 11:00 a.m. |
| JOSE ROSARIO URQUIZA-CABRERA, | ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| Defendant. | ) | |

Defendant, JOSE ROSARIO URQUIZA-CABRERA, by and through counsel, Michael Edmund Burke, hereby submits the following memorandum of points and authorities in support of his motions.

//
//
//
//
//
//

<u>I</u>

<u>MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE</u>

Defense counsel has received some discovery in this case.  However, because Mr. Urquiza believes that there may be other discovery outstanding, he moves for the production by the government of the following discovery and for the preservation of evidence.  This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency.  <u>See</u> <u>generally</u> <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995); <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989).

(1) <u>The Defendant's Statements</u>.  The Government must disclose to the defendant <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A) and (B).  The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal <u>all</u> the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>.  The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced <u>in their entirety</u>, be turned over.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained.

Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and Brady v. Maryland, 373 U.S. 83 (1963).  See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968).  Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2, and Fed. R. Crim. P. 12(h).  Preservation of rough notes is requested, whether or not the government deems them discoverable.

(3) Brady Material.  Defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(4) Any Information That May Result in a Lower Sentence Under The Guidelines.  As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, to a determination of the defendant's criminal history, or to any other application of the Guidelines.

(5) Any Information That May Result in a Lower Sentence Under 18 U.S.C. § 3553.  After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the Guidelines are merely advisory and federal sentencing is governed by 18 U.S.C. § 3553, which requires a judge to consider "any information about the nature of the circumstances of the offense." 18 U.S.C. § 3553(a)(1).  This broad range of judicial discretion, combined with the mandate that "[n]o limitation shall be placed on the

information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," 18 U.S.C. § 3661, means that any information whatsoever may be "material ... to punishment," Brady, 373 U.S. at 87, whether or not the government deems it discoverable.

(6) The Defendant's Prior Record. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(D). Counsel specifically requests that the copy be complete and legible.

(7) Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(E) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(8) Evidence Seized. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

(9) Request for Preservation of Evidence. The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, the results of any fingerprint analysis, alleged narcotics, the defendant's personal effects, the vehicle, and any other evidence seized from the defendant, or any third party. It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

(10) <u>Tangible Objects</u>.  The defense requests, under Fed. R. Crim. P. 16(a)(1)(E) the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.

(11) <u>Evidence of Bias or Motive to Lie</u>.  The defense requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988).

(12) <u>Impeachment evidence</u>.  Defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under <u>Brady v. Maryland</u>.  <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

(13) <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defense requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

(14) <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>.  Defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637

F.2d 213, 224 (4th Cir. 1980).

(15) <u>Witness Addresses</u>.  The defense requests the name and last known address of each prospective government witness.  See <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979), <u>overruled on other grounds by</u> <u>Luce v. United States</u>, 469 U.S. 38 (1984) (defense has equal right to talk to witnesses).  The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.  <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

(16) <u>Name of Witnesses Favorable to the Defendant</u>. The defense requests the name of any witness who made any arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged.  <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir. 1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979).

(17) <u>Statements Relevant to the Defense</u>.  The defense requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert.  <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982).  This would include Grand Jury transcripts which are relevant to the defense motion to dismiss the indictment.

(18) <u>Jencks Act Material</u>.  The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  <u>Campbell v. United States</u>, 373 U.S. 487, 490-92

(1963).

(19) <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(20) <u>Reports of Scientific Tests or Examinations</u>.  Pursuant to Fed. R. Crim. P. 16(a)(1)(F), the defendant requests disclosure and the opportunity to inspect, copy, and photograph the results and reports of all tests, examinations, and experiments conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(21) <u>Henthorn Material</u>.  The defendant requests that the prosecutor review the personnel files of the officers involved in his arrest, and those who will testify, and produce to him any exculpatory information at least two weeks prior to trial and one week prior to the motion hearing. This includes all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of defendant. <u>See</u> <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).  In addition, he requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an <u>in camera</u> inspection.

(22) <u>Informants and Cooperating Witnesses</u>.  The defense requests disclosure of the names and addresses of any informants or cooperating witnesses used or to be

used in this case. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. Roviaro v. United States, 353 U.S. 53, 61-62 (1957). The defense also requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments, or threats were made to the witness to secure cooperation with the authorities.

(23) Expert Witnesses. Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the defendant requests a written summary of the expert testimony that the government intends to use at trial, including a description of the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

(24) Residual Request. The defense intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Defendant requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

II

**JOINDER IN CODEFENDANT'S MOTIONS**

JOSE ROSARIO URQUIZA-CABRERA hereby joins in the motions for discovery, to release grand jury transcripts, bill of particulars, suppress statements, suppress all evidence seized in violation of the Fourth Amendment, and grant leave to file further motions, filed by codefendant Joe Anthony Montero, by and through his attorney of record Michelle Betancourt.

////
////
////
////

III

**THE TRIAL OF JOSE ROSARIO URQUIZA-CABRERA SHOULD BE SEVERED FROM THE TRIAL OF THE OTHER CO-DEFENDANT IN THIS CASE PURSUANT TO RULE 14 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

Rule 14 of the Federal Rules of Criminal Procedure provides relief from prejudicial joinder as follows:

> "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or information or by such joinder for trial together, the court may order the election of separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires.---"

If the co-defendant in a joint trial has made a confession and another co-defendant and the prosecution seeks to use the confession, the non-confessing defendant has the right to exclusion of the confession, severance or redaction to avoid mention or implication of him. The introduction of the co-defendant's confession violates the non-confessing defendant's right of confrontation and cross-examination. <u>Bruton v. United States</u>, 391 U.S. 123 (1968).

In the instant case, codefendant MONTERO, allegedly informed the interrogating officer that he "had information regarding the smuggling organization." It is unknown at this time whether Mr. Montero's alleged statement would implicate Mr. Urquiza.

In the event that further discovery reveals such a development, severance would be mandatory pursuant to <u>Bruton</u>, <u>supra</u> or, alternatively, exclusion of the codefendant's confession. The U.S. Supreme Court followed <u>Bruton</u>, <u>supra</u>, in <u>Lilly v. Virginia</u>, 527 U. S. 116 (1999).

/ / / /

/ / / /

Similarly, and alternatively, in light of the allegation that each of the defendants' made damaging post arrest statements, severance would also be mandatory based on the inevitable antagonistic defenses pursuant to United States v. Mayfield 189 F.3rd 895 (9th Cir. 1999).

Finally, severance should, as an additional alternative, be based on the prejudicial spill-over effect would inevitably occur in a joint trial. The allegations against Mr. Urquiza are relatively minuscule in comparison with those against the codefendant, as Mr. Urquiza was merely an alleged "foot guide."

IV

**ANY STATEMENTS MADE BY JOSE ROSARIO URQUIZA-CABRERA SHOULD BE SUPPRESSED**

A.   **The Government Must Demonstrate Compliance With Miranda**.

   1.   **Miranda Warnings Must Precede Custodial Interrogation.**

The Supreme Court has held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. Miranda v. Arizona, 384 U.S. 436, 444 (1966). Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Id. See Orozco v. Texas, 394 U.S. 324, 327 (1969).

A suspect will be held to be in custody if the actions of the interrogating officers and the surrounding circumstances, fairly construed, would reasonably have led him to believe he could not freely leave. See United States v. Lee, 699 F.2d 466, 468 (9th Cir. 1982); United States v. Bekowies, 432 F.2d 8, 12 (9th Cir. 1970). In determining whether a person is in custody, the factors to be weighed are the language used to summon him, the physical surrounding of the interrogation, the

extent to which he is confronted with evidence of his guilt.  <u>United States v. Estrada-Lucas</u>, 651 F.2d 1261 (9th Cir. 1980).

Once a person is in custody, <u>Miranda</u> warnings must be given prior to any interrogation.  <u>See</u> <u>United States v. Estrada-Lucas</u>, 651 F.2d 1261, 1265 (9th Cir. 1980) (to trigger the <u>Miranda</u> requirement at a customs inspection, not only must probable cause exist but also a person must reasonably believe that he is not free to leave).  Those warnings must advise the defendant of each of his or her "critical" rights.  <u>United States v. Bland</u>, 908 F.2d 471, 474 (9th Cir. 1990).  If a defendant indicates that he wishes to remain silent or requests counsel, the interrogation must cease.  <u>Miranda</u>, 384 U.S. at 474.  <u>See also</u> <u>Edwards v. Arizona</u>, 451 U.S. 484 (1981).

### 2. The Government Must Demonstrate That JOSE ROSARIO URQUIZA-CABRERA'S Alleged Waiver Was Voluntary, Knowing, and Intelligent.

When interrogation continues without the presence of an attorney, and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant intelligently and voluntarily waived his privilege against self-incrimination and her right to retained or appointed counsel.  <u>Miranda</u>, 384 U.S. at 475.  It is undisputed that a waiver of the right to remain silent and the right to counsel must be made knowingly, intelligently, and voluntarily in order to be effective.  <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218 (1973).  The standard of proof for a waiver of this constitutional right is high.  <u>Miranda</u>, 384 U.S. at 475.  <u>See</u> <u>United states v. Heldt</u>, 745 F.2d 1275, 1277 (9th Cir. 1984) (the burden on the government is great, the court must indulge every reasonable presumption against waiver of fundamental constitutional rights).

The validity of the waiver depends upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused.  <u>Edwards v. Arizona</u>, 451 U.S. 477, 472 (1981); <u>Johnson v. Zerbst</u>, 304

U.S. 458, 464 (1983).  See also United States v. Heldt, 745 F.2d at 1277; United States v. McCrary, 643 F.2d 323, 328-29 (9th Cir. 1981).

In Derrick v. Peterson, 924 F.2d 813 (9th Cir. 1990), the Ninth Circuit confirmed that the issue of the validity of a Miranda waiver requires a two prong analysis:  the waiver must be both (1) voluntary and (2) knowing and intelligent.  Id. at 820.  The voluntariness prong of this analysis "is equivalent to the voluntariness inquiry under the [Fifth] Amendment . . . ."  Id.  See infra pages 10-11.

The second prong, however, requiring that the waiver be "knowing and intelligent," mandates an inquiry into whether "the waiver [was] made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it."  Id. at 820-21 (quoting Colorado v. Spring, 479 U.S. 564, 573 (1987)).  This inquiry requires that the court determine whether "the requisite level of comprehension" existed before the purported waiver may be upheld.  Id.  Thus, "[o]nly if the `totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived."  Id. (quoting Colorado v. Spring, 479 U.S. at 573) (emphasis in original) (citations omitted)).

Unless and until Miranda warnings and a knowing and intelligent waiver are demonstrated by the prosecution, no evidence obtained as result of the interrogation can be used against the defendant.  Miranda, 384 U.S. at 479.  The government in the present case has the burden of proving that JOSE ROSARIO URQUIZA-CABRERA was read his Miranda rights and intelligently and voluntarily waived those rights in all situations in which JOSE ROSARIO URQUIZA-CABRERA reasonably believed that he was not free to leave.  See United States v. Estrada-Lucas, 651 F.2d 1261, 1265 (9th Cir. 1980).

////

////

B.  **JOSE ROSARIO URQUIZA-CABRERA'S Statements Were Involuntary.**

Even when the procedural safeguards of <u>Miranda</u> have been satisfied, a defendant in a criminal case is deprived of due process of law if her conviction is founded upon an involuntary confession. <u>Arizona v. Fulminante</u>, 499 U.S. 279 (1991); <u>Jackson v. Denno</u>, 378 U.S. 368, 387 (1964). The government bears the burden of proving that a confession is voluntary by a preponderance of the evidence. <u>Lego v. Twomey</u>, 404 U.S. 477, 483 (1972).

In order to be voluntary, a statement must be the product of a rational intellect and free will. <u>Blackburn v. Alabama</u>, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne in a particular case, the totality of the circumstances must be considered. <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 226 (1973). Some factors taken into account have included the youth of the accused, her lack of education, her low intelligence, the lack of any advice to the accused of her constitutional rights, the length of the detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as the deprivation of food or sleep. <u>Id.</u>

A confession is deemed involuntary whether coerced by physical intimidation or psychological pressure. <u>Townsend v. Sain</u>, 372 U.S. 293, 307 (1962). "The test is whether the confession was `extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.'" <u>Hutto v. Ross</u>, 429 U.S. 28, 30 (1976) (<u>quoting</u> <u>Bram v. United States</u>, 168 U.S. 532, 542-43 (1897)). <u>Accord</u>, <u>United States v. Tingle</u>, 658 F.2d 1332, 1335 (9th Cir. 1981).

C.  **THE GOVERNMENT COMMITTED A "SAFE HARBOR" VIOLATION**

18 U.S.C §3501©) creates a six (6) hour "safe harbor" period from the time of arrest which immunizes the admissibility of statements from attack based on pre-indictment delay. See <u>United States v. Alvarez-Sanchez</u>, 975 F.2d 1396 (9th Cir.

13

1992)  Here, Mr. Urquiza was arrested at 6:00 a.m.  See Probable Cause Statement attached to the complaint.  Mr. Urquiza's interrogation was commenced at 12:51 p.m., well in excess of the six (6) hour "safe harbor" period.  The government's excessive delay is without justification.

D.   **This Court Should Conduct An Evidentiary Hearing**.

This Court should conduct an evidentiary hearing to determine whether JOSE ROSARIO URQUIZA-CABRERA' statements should be admitted into evidence. Under 18 U.S.C. § 3501(a), this Court is required to determine, outside the presence of the jury, whether any statements made by JOSE ROSARIO URQUIZA-CABRERA are voluntary.  In addition, § 3501(b) requires this Court to consider various enumerated factors, including whether JOSE ROSARIO URQUIZA-CABRERA understood the nature of the charges against her and whether she understood her rights.  Without evidence, this Court cannot adequately consider these statutorily mandated factors.

Moreover, § 3501(a) requires this Court to make a factual determination. Where a factual determination is required, courts are obligated to make factual findings by Fed. R. Crim. P. 12.  See United States v. Prieto-Villa, 910 F.2d 601, 606-10 (9th Cir. 1990).  Because "`suppression hearings are often as the trial itself,'" id. at 609-10 (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)), these findings should be supported by evidence, not merely an unsubstantiated recitation of purported evidence in a prosecutor's responsive pleading.  It should be noted that, as indicated in our discovery motion, the defense anticipates receipt of further discovery regarding the post arrest statements which may impact this motion.

////
////
////
////

V

## **LEAVE TO FILE FURTHER MOTIONS**

JOSE ROSARIO URQUIZA-CABRERA also seeks leave to file further motions, as discovery and investigation are continuing.

                                    Respectfully submitted,

                                    S/Michael Edmund Burke

Dated: April 4, 2008

                                    _____
Michael Edmund Burke,
Attorney for Defendant,
JOSE ROSARIO URQUIZA-CABRERA